06-60001

**Sealed**   UNITED STATES DISTRICT COURT - DIMITROULEAS
SOUTHERN DISTRICT OF FLORIDA
TORRES

CASE NO:_____

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DOREEN ROSE VALKO, | ) |
| FRANK A. DESANTIS, a.k.a. JOSH | ) |
| ANTHONY, AND | ) |
| INTERNATIONAL INVESTMENTS | ) |
| HOLDINGS CORP. | ) |
| | ) |
| | ) |
| Defendants, | ) |
| | ) |
| v. | ) |
| | ) |
| JASON TODD DEAN, | ) |
| TARA LYN DEAN, | ) |
| JOSEPH VALKO, | ) |
| JEFFERY PAUL JEDLICKI, | ) |
| TIRTZA JEDLICKI, | ) |
| THOMAS W. YOOS, JR., | ) |
| ERIN R. DESANTIS, a.k.a. ERIN ROSE | ) |
| VALKO, | ) |
| ERV & ASSOCIATES, INC., | ) |
| JOE VALKO ENTERPRISES, INC., | ) |
| BOOT CAMP DIET & FITNESS, INC., | ) |
| AMERICAN LIGHTHOUSE TRADING, INC., | ) |
| CERTIFIED FINANCIAL SERVICES, INC., | ) |
| JOHN TADDEO ENTERPRISES, INC., | ) |
| JASON'S ROOFING AND | ) |
| WATERPROOFING, INC., | ) |
| | ) |
| Relief Defendants. | ) |

**FILED UNDER SEAL**

**COMPLAINT**



**COMPLAINT FOR A PERMANENT INJUNCTION,
OTHER EQUITABLE RELIEF,
AND CIVIL MONETARY PENALTIES**

**I.**

**SUMMARY**

1.     Beginning on or about July 24, 2000 and continuing thereafter (the "relevant time period"), defendants Doreen Rose Valko ("Valko) and International Investments Holdings Corp. ("IIHC") fraudulently misappropriated at least $1.13 million from approximately 205 retail customers who were solicited to purchase foreign currency ("forex") options contracts.  IIHC acted as the "clearing firm" for retail customers of purported introducing firms World Banks Foreign Currency Traders, Inc. ("World Banks") and International Investors Trading Group, Inc. ("IITG"), as well as for others.

2.     None of the at least $1.13 million received from customers was used for trading on behalf of customers.  Instead, IIHC and Valko received U.S. customers' funds in offshore bank accounts, from which the funds were wire transferred back into the United States to pay for the purchase of real estate, boats, resort weddings, and the enrichment of the defendants and the relief defendants.  In order to obfuscate the misappropriation scheme, IIHC and Frank DeSantis ("DeSantis") generated false statements for customer accounts confirming the purported foreign currency options transactions.

3.     Defendant DeSantis knowingly aided and abetted the creation and operation of IIHC by providing consulting and marketing services to both Valko and IIHC, among other things.

4.     By misappropriating customer funds, the defendants, directly and by and through their agents and employees, have cheated, defrauded, or deceived other persons by making false,

2

deceptive, or misleading representations and thus are in violation of Section 4c(b) of the Act,

7 U.S.C. § 6c(b) (2002) and Commission Regulations ("Regulations") 1.1(b)(1) & (3) and

32.9(a) and (c), 17 C.F.R. §§ 1.1(b)(1) and (3), and 32.9(a) and (c) (2005).

     5.     Because IIHC and DeSantis, made or caused to be made false statements in

connection with the confirmation of the execution of foreign currency options transactions, IIHC

and DeSantis violated Sections 4c(b) of the Act, 7 U.S.C. § 6c(b) (2002) and Regulation 32.9(b),

17 C.F.R. § 32.9(b) (2005).

     6.     At all relevant times, defendants Valko and DeSantis were acting as the agents of

IIHC. Therefore, IIHC is liable for Valko's and/or DeSantis' violations of Section 4c(b) of the

Act, 7 U.S.C. § 6c(b) (2002), and Regulations 1.1(b)(1) and (3), 32.9(a), (b) and (c), and

32.11(a), 17 C.F.R §§ 1.1(b)(1) and (3), 32.9(a), (b) and (c), and 32.11(a) (2005), pursuant to

Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B) (2002) and Regulation 1.2, 17 C.F.R. § 1.2

(2005).

     7.     Defendant Valko directly or indirectly controlled IIHC and did not act in good

faith, or knowingly induced, directly or indirectly, the acts constituting IIHC's violations of

Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2002), and Regulations 1.1(b) and 32.9, 17 C.F.R

§§ 1.1(b) and 32.9 (2005), and is therefore liable as a controlling person of IIHC pursuant to

Section 13(b) of the Act, 7 U.S.C. § 13c(b) (2002).

     8.     In addition, DeSantis knowingly aided, abetted, counseled, commanded or

induced Valko and IIHC in their violations of Section 4c(b) of the Act and  Sections 1.1(b),

32.9(a) and (c), and 32.11(a) of the  Regulations, and is therefore liable for each of these

violations of the Act and Regulations pursuant to Section 13(a) of the Act, 7 U.S.C. §13c(a)

(2002).

9.     Accordingly, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002), the Commission brings this action to enjoin the unlawful acts and practices of the defendants and to compel their compliance with the Act.  In addition, the Commission seeks a freeze of defendants' assets, disgorgement of defendants' ill-gotten gains, restitution to customers, repatriation of funds and/or an accounting, civil monetary penalties and any other available relief that the Court may deem necessary or appropriate.

10.     Unless restrained and enjoined by this Court, the defendants are likely to continue to engage in the acts and practices alleged in this Complaint, and similar acts and practices, as more fully described *infra*.

## II.

### JURISDICTION AND VENUE

11.     This Court has jurisdiction over this action pursuant to Section 6c of the Act, 7 U.S.C. §13a-1 (2002), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

12.     Sections 2(c)(2)(B) and (C) of the Act, 7 U.S.C. § 2(c)(2)(B) and (C) (2002) grant the Commission jurisdiction over certain retail transactions in foreign currency that are contracts for the sale of a commodity for future delivery (or options on such contracts), and options on foreign currency, including the transactions alleged in this Complaint.

13.     Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2002), because Defendants are found in, inhabit, or transact business, among other

places, in this District, or the acts, practices and omissions in violation of the Act have occurred,

are occurring, or are about to occur, within this District, among other places.

### III.

### THE PARTIES

**A.**   **The Plaintiff**

14.   The **Commodity Futures Trading Commission** is an independent federal

regulatory agency that is charged with responsibility for administering and enforcing the

provisions of the Act, 7 U.S.C. §§ 1 *et seq*. (2002), and the Regulations promulgated thereunder,

17 C.F.R. §§ 1 *et seq*. (2005).

**B.**   **The Individual Defendants**

15.   **Doreen Rose Valko,** resides at 4914 NW 52nd Avenue, Coconut Creek, Florida

33073.  Valko is the president of IIHC and the sole signatory on its offshore bank accounts.

Valko directed and controlled IIHC's business operations from various locations throughout

south Florida.  From 2002 to 2004, Valko was registered with the Commission as an Associated

Person ("AP") of United Investors Group.  During 2004, Valko was registered as an AP of

Commodity Trading Group, Inc.

16.   **Frank Anthony DeSantis, a.k.a. Josh Anthony,** is an individual residing at 83

S. Sewalls Point Road, Stuart, Florida 34996.  DeSantis is the son-in-law of defendant Valko.

DeSantis has been registered with the Commission in various capacities since 1997.  In 1997, he

was registered as an AP at Anthony John Columbo, Inc., and as an AP at Commonwealth

Financial Group, Inc.  In 1999, he was registered as an AP and Branch Manger of American

Financial Trading Group.  From 1999 to 2000, he was registered as an AP at Group One

Financial Services.  The National Futures Association ("NFA") initiated two actions against

5

DeSantis in the past five years for, *inter alia*, violations of NFA rules prohibiting deceptive and misleading sales solicitations. Based on these actions, on September 1, 2000, the NFA barred DeSantis from registering with the NFA and from acting as a principal for two years, and fined him $40,000. In the second action, the NFA barred DeSantis from acting as a principal or applying for registration with NFA until March 2004, and fined him an additional $20,000. The Commission brought a civil action resulting in the U. S. District for the Southern District of Florida entering a Consent Order of Settlement in January of 2004, in: *CFTC v. World Banks Foreign Currency Traders, Inc. et al.*, United States District Court for the Southern District of Florida, Case No.: 01 CV 7402. Additionally, DeSantis is named as a defendant in a civil action brought by the Commission in: *CFTC v. World Market Advisors, Inc. et al.*, United States District Court for the Southern District of Florida, Case No.: 05 CV 60928.

**C.   The Corporate Defendant**

17.   **International Investments Holdings Corp, ("IIHC"),** is an International Business Corporation ("IBC") formed in the Bahamas, which initially conducted business from Valko's home located at 4914 NW 52nd Avenue, Coconut Creek, Florida 33073, and later conducted business from DeSantis' former home at 2410 NE 31st Court, Lighthouse Point, Florida, as well as from other locations throughout south Florida. IIHC has never been registered with the Commission in any capacity.

**D.   The Individual Relief Defendants**

18.   **Jason Todd Dean ("Dean")** is an individual residing at 2641 N.E. 13th Court, Pompano Beach, Florida 33602. Dean is the son-in-law of defendant Valko. Dean has never been registered with the Commission in any capacity.

19.     **Tara Lyn Dean ("Tara Dean")** is an individual residing at 2641 N.E. 13th Court, Pompano Beach, Florida 33602. Tara Dean is the daughter of defendant Valko, and the wife of relief defendant Jason Todd Dean. Tara Dean was registered as a principal of G7 Advisory Services, an Introducing Broker. She withdrew her registration on June 7, 2004.

20.     **Joseph Valko** is an individual who resides at 4914 NW 52nd Avenue, Coconut Creek, Florida 33073. Joseph Valko is the husband of defendant Valko. He is currently registered as an AP of Global Trading Center, LLC.

21.     **Jeffery Paul Jedlicki** ("Jedlicki") is an individual who resides at 19616 Dinner Key Drive, Boca Raton, Florida 33498. Jedlicki was registered with the Commission from June 9, 2004 to February 22, 2005 as an AP at United Investors Group. In July 2003, NFA fined Jedlicki $30,000 for failing to uphold high standards of commercial honor and just and equitable principles of trade, in violation of NFA Compliance Rule 2-4. Additionally, Jedlicki is named as a defendant in a civil actions brought by the Commission in: *CFTC v. World Market Advisors, Inc. et al.*, United States District Court for the Southern District of Florida, Case No.: 05 CV 60928, as well as *CFTC v. International Berkshire Group Holdings, Inc. et al.*, United States District Court for the Southern District of Florida, Case No.: 05 CV 61588.

22.     **Tirtza Jedlicki** is an individual who resides at 19616 Dinner Key Drive, Boca Raton, Florida 33498. Tirtza Jedlicki has never been registered with the Commission in any capacity.

23.     **Thomas W. Yoos, Jr.** is an individual residing at 4917 Pelican Manor Drive, Coconut Creek, Florida 33073. Yoos was registered with the Commission, most recently as a principal and associate person of Fortune Financial Services, LLC. Yoos withdrew his registration on January 27, 2005.

24.    **Erin DeSantis, a.k.a. Erin Rose Valko ("Erin DeSantis"),** is an individual residing at 83 S. Sewalls Point Road, Stuart, Florida 34996.  Erin DeSantis is the daughter of defendant Valko, and the wife of defendant Frank A. DeSantis.  Erin DeSantis was a principal of United Investors Group, a registered Introducing Broker, until July 9, 2003.

E.    **The Corporate Relief Defendants**

25.    **ERV & Associates, Inc. ("ERV")** is a Florida corporation with its principal address at 2499 Glades Road, Suite 305A, Boca Raton, Florida 33431.  ERV's president is relief defendant Erin DeSantis.  ERV has never been registered with the Commission in any capacity.

26.    **Joe Valko Enterprises, Inc. ("Valko Enterprises")** is a Florida corporation with its principal place of business at 2499 Glades Road, Suite 305A, Boca Raton, Florida 33431.  Valko Enterprises' president is relief defendant Joseph Valko, defendant Valko's husband.  Valko Enterprises has never been registered with the Commission in any capacity.

27.    **Boot Camp Diet & Fitness, Inc. ("Boot Camp")** is a Florida corporation with its principal place of business at 2521 N.E. 46th Street, Lighthouse Point, Florida 33064.  Boot Camp's president and registered agent is Donna Decunzo-Taddeo, whose address is listed as 2521 N.E. 46 Street, Lighthouse Point, Florida 33064.  Boot Camp's former president is defendant DeSantis.  Boot Camp has never been registered with the Commission in any capacity.

28.    **American Lighthouse Trading, Inc. ("Lighthouse Trading")** is a dissolved Florida corporation with its principal place of business located at 3937 NW 7th Court, Delray Beach, Florida 33445.  Lighthouse Trading's registered agent is the Corporation Service Company, whose address is 1201 Hays Street, Tallahassee, Florida 32301-2525.  Lighthouse Trading has never been registered with the Commission in any capacity.

8

29.     **Certified Financial Services, Inc. ("CFS")** is a dissolved Florida Corporation with its principal place of business located at 2499 Glades Road, Suite 305A, Boca Raton, Florida 33431.  CFS's president was defendant DeSantis, and its vice president was relief defendant Jason Todd Dean.  CFS has never been registered with the Commission in any capacity.

30.     **John Taddeo Enterprises, Inc. ("Taddeo Enterprises")** is a Florida corporation with its principal place of business at 2521 N.E. 46th Street, Lighthouse Point, Florida 33064.  Taddeo Enterprises has never been registered with the Commission in any capacity.

31.     **Jason's Roofing and Waterproofing, Inc.  ("Jason's Roofing")** is a Florida corporation with an address at 2499 Glades Road, Suite 305A, Boca Raton, Florida 33431. The president of Jason's Roofing is relief defendant Jason Todd Dean.  Jason's Roofing has never been registered with the Commission in any capacity.

## V.

## FACTS

**A.     The Jurisdiction to Bring this Suit Under the Act**

32.     Section 2(c)(2)(B)(i) and (ii) of the Act provides that the CFTC shall have jurisdiction over an agreement, contract or transaction in foreign currency that is a sale of a commodity for future delivery (or option thereon) or an option, so long as the contract is "offered to, or entered into with, a person that is *not* an eligible contract participant," and the counterparty, or the person offering to be the counterparty, is not one of the regulated entities enumerated in Section 2(c)(2)(B)(ii)(I-VI).  7 U.S.C. § 2(c)(2)(B)(i) and (ii).

33.     Section 1a(12)(A)(xi) of the Act, 7 U.S.C. § 1, defines an eligible contract participant as an individual who has total assets in excess of: a) $10 million; or b) $5 million and

who enters the transaction to manage the risk associated with an asset owned or a liability incurred, or reasonably likely to be owned or incurred.

34.     Most, if not all, of the foreign currency options transactions alleged herein were offered to or entered into with persons who did not qualify as eligible contract participants, meaning that the customers identified herein were retail customers whose transactions are contemplated by Section 2(c)(2)(B) of the Act to be within the Commission's jurisdiction.

35.     During the relevant time, none of the defendants were proper counterparties for the retail foreign currency transactions described in the Complaint because they were not one of the regulated entities enumerated in Section 2(c)(2)(B)(ii)(I-VI).

36.     Since none of the defendants are proper counterparties and the customers are not eligible contract participants, the Commission has jurisdiction over this action.

B.     Defendants Misappropriate Customer Funds and Issue False Statements

37.     On or about July 20, 2000, IIHC, through DeSantis, entered into a written "Clearing and Business Agreement" ("Agreement") with World Banks.  The Agreement states that "IIHC is a clearing and options merchant.  Accepting and transferring risk from various options or clearing firms (sic)."

38.     The Agreement further provides that "IIHC will receive and execute orders, but will not be obligated for order execution…IIHC will prepare and transmit, or have prepared and transmitted by a third party organization customer reports of execution, monies due, call, and monthly statements."

39.     Pursuant to the terms of the Agreement, the parties agreed that "IIHC will hold cash, securities and other property received from [World Banks and IITG] on behalf of customers" in connection with the purchase or sale of commodity options contracts."

10

40.     IIHC, through its agents, prepared and transmitted to customers statements entitled "Transaction Summary." These statements were issued on IIHC letterhead, purportedly from the "Chancery House, The Mall, Freeport, Grand Bahama", the address listed at the top of the statement.

41.     The "Transaction Summary" issued by IIHC to customers stated "[T]he following trades have been made this day for your account and risk," and listed options contracts purportedly bought or sold on behalf of customers. The "Transaction Summary" statements were issued to approximately 205 customers beginning on or about July of 2000, and ending in late March of 2001 when World Banks began winding down its operations.

42.     Despite these representations, customer funds were not used to purchase options on foreign currency. Defendant IIHC did not transfer any of the at least $1.13 million in customer funds to any bank, clearinghouse, or other designated contract facility that might indicate the existence of trading activity.

43.     Instead of using customers' funds to trade in foreign currency options contracts, defendants Valko and IIHC misappropriated customers' funds by wire transferring customer funds to accounts of the relief defendants and others. For example, customer funds were used to:

> (a) purchase at least two parcels of real estate for defendant Valko's son-in-law, defendant Frank DeSantis, in Lighthouse Point, Florida and elsewhere in Florida;
>
> (b) purchase of a power boat for defendant Valko's son-in-law, defendant Frank DeSantis;
>
> (c) pay over $30,000 for the wedding of defendant Valko's daughter, relief defendant Erin DeSantis, to defendant Frank DeSantis, at an exclusive resort in the Florida Keys;

11

(d)  pay for boat repairs and upgrades at a Miami, Florida boatyard for vessels owned by defendant Frank DeSantis;

(e)  purchase marine electronics from a Miami area vendor for defendant Frank DeSantis; and

(f)  benefit various relief defendants by wire transferring customer funds to their accounts for no apparent consideration.

44.    Defendant Valko, as sole signatory on IIHC's bank accounts in the Federation of St. Christopher and Nevis ("Nevis"), was responsible for all movement of funds into the United States for the payment of these expenses and to unjustly enrich the defendants and relief defendants.

45.    Defendant Valko operates IIHC from her home in Coconut Creek, Florida, as well as from other locations throughout south Florida.

### C.    Defendants Made Material Misrepresentations and Failed to Disclose Material Facts to Customers

46.    IIHC, through Valko, made material misrepresentations to actual and prospective customers by holding IIHC out as a clearing firm that actually acted as a counterparty to forex options transactions and confirmed the execution of those transactions.

47.    IIHC, through DeSantis, also made material misrepresentations to customers every time a "Transaction Summary" was issued to a customer, purportedly detailing forex options transactions that were executed on behalf of customers.  Since no trading actually occurred, this representation was necessarily false.  DeSanitis, as a purported consultant to IIHC during the relevant period, oversaw the issuance of statements to customers and had actual knowledge that the representations contained therein were false.

48. By failing to disclose that the entire enterprise was simply a scheme designed to cheat customers, IIHC, through Valko and DeSantis, failed to disclose material facts to actual and prospective customers.

**D.      Defendant Valko Controlled the Operations of IIHC**

49. Defendant Valko caused IIHC to be formed as an International Business Corporation ("IBC") in the Bahamas on or about July 24, 2000. Of the 5,000 shares of IIHC stock which were initially issued, all 5,000 shares were issued to defendant Valko. At all relevant times, defendant Valko has been the president of IIHC, and held herself out as the corporate secretary and treasurer at the time she opened two bank accounts for IIHC at the Bank of Nevis International Ltd. ("Bank of Nevis").

50. As President of IIHC, defendant Valko exercised control over the day-to-day business operations of IIHC, and was the sole signatory on each of the two bank accounts held by IIHC at the Bank of Nevis. Defendant Valko solicited letters of recommendation from her south Florida bank and her daughter, relief defendant Erin DeSantis, in order to open the accounts for defendant IIHC at the Bank of Nevis.

51. Defendant Valko regularly corresponded with officials at the Bank of Nevis, and directed when wire transfers were to be issued, specifying the amount of each wire, the person or entity to whom the wire transfer was to be made, and the bank and account number to which the funds were to be transferred. When questions arose as to whether a wire transfer had been made correctly, defendant Valko would make inquiries to officials at the Bank of Nevis for clarification. If the wrong party had been specified in a wire transfer request, defendant Valko would either correspond or speak telephonically with bank officials concerning the error, and provide bank officials with directions as to how she wanted the error resolved.

52.     In her dealings with officials at the Bank of Nevis, defendant Valko used a variety of phone numbers and fax numbers, all of which are listed to addresses in south Florida.  On a number of occasions, Valko faxed instructions to Bank of Nevis officials from the fax numbers of the south Florida businesses to which she fraudulently wire transferred customer funds for her personal and family use.

53.     The defendants conducted their business operations under the guise of an offshore IBC, when in fact, defendant Valko operated IIHC from her home in Coconut Creek, Florida, as well as other locations throughout south Florida.

54.     The monthly account statements for each of the Bank of Nevis accounts held by IIHC were initially addressed to "International Investments Holdings Corp.," and mailed to defendant Valko's home located at 4914 NW 52nd Avenue, Coconut Creek, Florida 33073.

55.     Subsequently, the monthly account statements were mailed to 2410 NE 31st Court, Lighthouse Point, Florida, which at the time was the address of defendant Valko's daughter, relief defendant Erin DeSantis, and defendant Frank DeSantis.

56.     During the relevant time period, defendant Valko bought and sold real property in south Florida on behalf of defendant IIHC.  Defendant Valko executed warranty deeds as the president of proposed defendant IIHC.

**E.     Defendant DeSantis Aided and Abetted the Operation of IIHC**

57.     DeSantis willfully and knowingly aided, abetted, counseled, commanded, induced or procured the creation and operation of IIHC by providing consulting and marketing services to both Valko and IIHC, and enforcing the administrative policies IIHC and Valko required to be followed as part of their business operations with purported brokers.  DeSantis also allowed

IIHC to use his personal address in Boca Raton, Florida as the "principal place of business" of IIHC during a portion of IIHC's business operations.

58.     DeSantis knew he was associating himself with an unlawful venture.  He sought to have the venture to succeed by undertaking a key role in the day-to-day administration of IIHC, setting up Valko as the president of IIHC, enforcing IIHC's administrative policies, and by working for IIHC as a consultant for the express purpose of attempting to expand its operations in the United States and expand its marketing efforts in the United States.

59.     DeSantis received real and personal property that was paid for with customer funds, which should have been used to execute forex option transactions on behalf of customers. Consequently, DeSantis knew of the misappropriation of customer funds that was taking place. DeSantis' acts demonstrate that he participated in IIHC's scheme as something he wished to bring about and sought to make succeed.

60.     While knowing that IIHC was misappropriating customer funds, DeSantis facilitated the creation and issuance of IIHC account statements to customers purporting to confirm the execution of options transactions for which the misappropriated customer funds were designated.

## VI.

## COUNT ONE

### VIOLATIONS OF SECTION 4c(b) OF THE ACT, 7 U.S.C. § 6c(b) AND REGULATIONS 1.1(b), and 32.9, 17 C.F.R. §§ 1.1(b), and 32.9: FRAUD IN CONNECTION WITH COMMODITY OPTION TRANSACTIONS

59.     Plaintiff re-alleges paragraphs 1 through 58 above and incorporates these allegations herein by reference.

60.     In or in connection with the offer to enter into, the entry into, the confirmation of, the execution of, or the maintenance of commodity option transactions, IIHC and Valko have cheated, defrauded, or deceived, or attempted to cheat, defraud or deceive, other persons, by misappropriating customer funds and by making false, deceptive or misleading representations of material facts and by failing to disclose material facts necessary to make other facts they disclosed not misleading, all in violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b), and Regulations 1.1(b)(1) and (3), 32.9(a) and (c), 17 C.F.R. §§ 1.1(b)(1) and (3), 32.9(a) and (c) (2005).

61.     IIHC is liable for the foregoing acts and omissions of its employees/agents, including Valko and DeSantis, for violating Section 4c(b) of the Act and Regulations 1.1(b) (1) and (3), 32.9(a) and (c) by operation of Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B) (2002).

62.     During the relevant time period, Valko, as President and manager of IIHC, directly or indirectly controlled IIHC and did not act in good faith or knowingly induced, directly or indirectly, the acts and omissions constituting IIHC's violations described in this Complaint. Valko is therefore liable for IIHC's violations pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b) (2002).

63.     DeSantis knowingly aided and abetted the violations committed by IIHC and Valko.  DeSantis is therefore liable for each of these violations of the Act and Regulations pursuant to Section 13(a) of the Act, 7 U.S.C. § 13c(a) (2002).

64.     Each misrepresentation, omission, actual or attempted act to misappropriate funds, including but not limited to those specifically alleged herein, is alleged as a separate and

distinct violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2002), and Regulations 1.1(b)(1)

and (3), and 32.9(a) and (c), 17 C.F.R. §§ 1.1(b)(1) and (3), and 32.9(a) and (c) (2005).

**COUNT TWO**

**VIOLATIONS OF SECTION 4c(b) OF THE ACT, 7 U.S.C. § 6c(b) AND REGULATION
32.9(b), 17 C.F.R. § 32.9(b):  MAKING FALSE REPORTS OR STATEMENTS**

65.     Plaintiff re-alleges paragraphs 1 through 58 above and incorporates these

allegations herein by reference.

66.     Section 4c(b) of the Act provides that "no person shall offer to enter into or

confirm the execution of, any transaction involving any commodity regulated under this Act

which is of the character of, or is commonly known to the trade as, an 'option,' ... contrary to

any rule, regulation or order of the Commission prohibiting any such transaction...."

Commission Regulation 32.9(b) states that it is unlawful for any person to make or cause to be

made to any other person any false report or statement in connection with the confirmation of the

execution of any commodity option transaction.

67.     From approximately July 2000 and continuing thereafter, IIHC and DeSantis have

made or caused to be made to other persons false reports or statements in connection with the

confirmation of the execution of any commodity option transaction in violation of Section 4c(b)

of the Act, 7 U.S.C. § 6c(b) (2002), and Regulation 32.9(b), 17 C.F.R. § 32.9(b) (2005).

68.     During the relevant time period, Valko, as president and manager of IIHC,

directly and indirectly controlled IIHC and did not act in good faith or knowingly induced,

directly or indirectly, the acts and omissions constituting IIHC's violations described in this

Complaint.  Valko is therefore liable for IIHC's violations pursuant to Section 13(b) of the Act,

7 U.S.C. § 13c(b) (2002).

69.     Each false report or statement in connection with the confirmation of the execution of any commodity option transaction, including but not limited to those specifically alleged herein, is alleged as a separate and distinct violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2002), and Regulation 32.9(b), 17 C.F.R. § 32.9(b) (2004).

## COUNT THREE

### VIOLATIONS OF SECTION 4c(b) OF THE ACT, 7 U.S.C. § 6c(b) AND REGULATION 32.11(a), 17 C.F.R. §32.11(a):  OFFER AND SALE OF ILLEGAL OFF-EXCHANGE COMMODITY OPTIONS

70.     Plaintiff re-alleges paragraphs 1 through 58 above and incorporates these allegations herein by reference.

71.     Section 4c(b) of the Act provides that "no person shall offer to enter into or confirm the execution of, any transaction involving any commodity regulated under this Act which is of the character of, or is commonly known to the trade as, an 'option,' ... contrary to any rule, regulation or order of the Commission prohibiting any such transaction...." Commission Regulation 32.11(a) states that it is unlawful for any person to solicit or accept orders for the purchase or sale of any commodity option, or to accept money, securities or property in connection with the purchase or sale of any commodity option, except for commodity option transactions conducted or executed on or subject to the rules of a contract market.

72.     Since approximately July 2000 and continuing thereafter, IIHC and Valko have solicited and/or accepted orders for, and/or accepted money, securities or property in connection with, the purchase and sale of commodity options when: (a) such transactions have not been conducted or executed on or subject to the rules of a contract market, or (b) a foreign board of trade in violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2002), and Regulation 32.11(a), 17 C.F.R. § 32.11(a) (2005).

18

73.    During the relevant time period, Valko, as president and manager of IIHC, directly and indirectly controlled IIHC and did not act in good faith or knowingly induced, directly or indirectly, IIHC's violations of Regulation 32.11(a).  Valko is therefore liable for IIHC's violations pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b) (2002).

74.    DeSantis knowingly aided and abetted IIHC's violations of Regulation 32.11(a). DeSantis is therefore liable for each of these violations of the Act and Regulations pursuant to Section 13(a) of the Act, 7 U.S.C. § 13c(a) (2002).

75.    Each foreign exchange commodity option transaction for which the Defendants accepted money, securities or property in connection therewith since July 2000, including but not limited to those specifically alleged herein, is alleged as a separate and distinct violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2002), and Regulation 32.11(a), 17 C.F.R. § 32.11(a) (2004).

## COUNT FOUR

## DISGORGEMENT OF THE ASSETS OF THE RELIEF DEFENDANTS

76.    Plaintiff realleges paragraphs 1 through 75 above and incorporates these allegations herein by reference.

77.    IIHC has committed a fraud upon its customers in connection with the purchase and sale of foreign currency options contracts as alleged herein.

78.    The Relief Defendants have received funds or otherwise benefited from funds which are directly traceable to the funds obtained from IIHC customers through fraud.

79.    The Relief Defendants are not *bona fide* purchasers with legal and equitable title to the customers' funds or assets, and the Relief Defendants will be unjustly enriched if they are

19

not required to disgorge the funds or the value of the benefit they received as a result of IIHC's fraud.

80.     The Relief Defendants should be required to disgorge the funds and assets, or the value of the benefit they received from those funds and assets, which are traceable to IIHC's fraud.

81.     By reason of the foregoing, the Relief Defendants hold funds and assets in constructive trust for the benefit of IIHC customers.

## VII.

## RELIEF REQUESTED

Wherefore, the Commission respectfully requests that this Court, as authorized by Section 6c of the Act, 7 U.S.C. § 13a-1 (2002), and pursuant to its own equitable powers, enter:

a.     a permanent injunction prohibiting the Defendants and any other person or entity associated with them, or any successor thereof, from engaging in conduct violative of the provisions of the Act as alleged in this Complaint, and from engaging in any activity relating to commodity interest trading, including but not limited to, soliciting, accepting or receiving funds, revenue or other property from any person, giving advice for compensation, or soliciting prospective customers, related to the purchase and sale of any commodity futures or options on commodity futures contracts;

b.     an order directing the Defendants and any successors thereof, as well as the Relief Defendants and any successors thereof, to disgorge, pursuant to such procedure as the Court may order, all benefits received from the acts or practices which

constituted violations of the Act, as described herein, and interest thereon from the date of such violations;

c.    an order directing the Defendants to make full restitution to every customer whose funds were received by them as a result of acts and practices which constituted violations of the Act, as described herein, and interest thereon from the date of such violations;

d.    an order directing the Defendants to pay civil monetary penalties under the Act, to be assessed by the Court, in amounts of, not more than the higher of $120,000 for each violation prior to October 24, 2004, and $130,000 for violations thereafter, or triple the monetary gain to Defendants for each violation of the Act and Regulations described herein.

e.    an order requiring the Defendants to pay costs and fees as permitted by 28 U.S.C. §§ 1920 and 2412(a)(2) (1994); and

f.    such other and further remedial ancillary relief as the Court may deem just and appropriate.

Dated: 01/03/06

Respectfully submitted,

ATTORNEYS FOR PLAINTIFF
COMMODITY FUTURES TRADING
COMMISSION
1155 21st Street NW
Washington, DC

Timothy J. Mulreany
Chief Trial Attorney
Special Bar No.: A5500950
tmulreany@cftc.gov
(202) 418-5306
(202) 418-5523 facsimile

David A. Reed
Senior Trial Attorney
Special Bar No.: A 5500924
dreed@cftc.gov
(202) 418-5447
(202)418-5523 facsimile

R. Trabue Bland
Trial Attorney
Special Bar No.: A5500876
tlband@cftc.gov
(202) 418-5466
(202)418-5523 facsimile

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

06 - 60001

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Commodity Futures Trading Commission | Doreen R Walks, et al |
| (b) County of Residence of First Listed Plaintiff _Broward 06cv6000/Dimitroleas/Torres_ | County of Residence of First Listed Defendant _Broward_ |
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number) Timothy J Mulreany, David Reed Trabut Blvd. Commodity Futures Trdg Commission 1155 21st Street NW Washington DC 20581 (202) 418-5447 | Attorneys (If Known) Unknown |

(d) Check County Where Action Arose: ☐ DADE  ☐ MONROE  ☒ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☒ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt. Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause. Do not cite jurisdictional statutes unless diversity)
7 USC §13(a) et seq. Plaintiff alleges Defendants committed fraud and misappropriated funds.

LENGTH OF TRIAL via _2_ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Injunctive Relief

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _Attonaga_  DOCKET NUMBER _05 - 61588_

DATE _01/03/06_

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____

(Rev. 06/2005)Sealed Document Tracking . ..a

**Sealed**

# UNITED STATES DISTRICT COURT
### Southern District of Florida

Case Number: _____

06-60001

CIV-DIMITROULEAS

Commodity Futures Trading Comm.  Plaintiff

v.

International Investor Holding Group  Defendant

7 TORRES

## SEALED DOCUMENT TRACKING FORM

*Party Filing Matter Under Seal*

Name: Commodity Futures Trading Commission

Address: 1155 21ct Street, NW Washington DC 2058

Telephone: 202-418-5000

On behalf of (select one):  ☑ Plaintiff        ☐ Defendant

Date sealed document filed: _January 3 2006_

If sealed pursuant to statute, cite statute: _____

If sealed pursuant to previously entered protective order, date of order and docket entry number: _____

The matter should remain sealed until:

☐ Conclusion of Trial            ☐ Arrest of First Defendant
☐ Case Closing                   ☐ Conclusion of Direct Appeal
☑ Other: _Until all parties are served_
☐ Permanently.  Specify the authorizing law, rule, court order:

_____

The moving party requests that when the sealing period expires, the filed matter should be (select one):

☑ Unsealed and placed in the public portion of the court file        ☐ Destroyed
☐ Returned to the party or counsel for the party, as identified above

_____
**Attorney for:**
Commodity Futures Trading Commission