UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO:06-60001-CIV-DIMITROULEAS/VITUNAC

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DOREEN ROSE VALKO, et al.<br><br>Defendants,<br>v.<br><br>JASON TODD DEAN, et al.<br><br>Relief Defendants. | JUDGMENT ENTERING PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AS TO DEFENDANTS DOREEN ROSE VALKO AND FRANK ANTHONY DESANTIS III |

**I.**

**INTRODUCTION**

A consent judgment is hereby entered against Defendants Frank Anthony DeSantis III ("DeSantis") and Doreen Rose Valko ("Valko") for violations of Section 4c(b) of the Commodity Exchange Act ("Act"), 7 U.S.C. § 6c(b) (2002), and Commission Regulations ("Regulations") 1.1(b)(1) and (3), 32.9(a), (b) and (c), and 32.11(a), 17 C.F.R. §§ 1.1(b)(1) and (3), 32.9(a), (b) and (c), and 32.11(a) (2006). The Court will enter judgment against Defendants DeSantis and Valko upon the terms and conditions set forth herein.

## II.

## JUDGMENT

1. The Court, being fully advised in the premises, finds that there is good cause for the entry of judgment and that there is no just reason for delay. The Court therefore directs the entry of judgment against Defendants DeSantis and Valko and ancillary equitable relief, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002), as set forth herein.

2. This Court has jurisdiction over this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder. The Court has continued jurisdiction over this matter for the purpose of enforcing the terms and conditions of this judgment and for any other purposes relevant to this action.

3. This Court has personal jurisdiction over the Defendants pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1 (2002).

4. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2002), in that the Defendants are found in, inhabit, or transact business in this district, and the acts and practices alleged to violate the Act have occurred, are occurring, or are about to occur within this district, among other places.

5. Defendants Frank Anthony DeSantis III and Doreen Rose Valko are alleged to have violated Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2002), and Regulations 1.1(b)(1) and (3), 32.9(a), (b) and (c), and 32.11(a), 17 C.F.R. §§ 1.1(b)(1) and (3), 32.9(a), (b), and (c), and 32.11(a) (2006).

6. Pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b) (2002), Defendant Valko is alleged to be liable as a controlling person for Defendant IIHC violations of Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2002), and Regulations 1.1(b)(1) and (3), 32.9(a), (b) and (c), and 32.11(a), 17 C.F.R. §§ 1.1(b)(1) and (3), 32.9(a), (b), and (c), and 32.11(a) (2006).

7. Pursuant to Section 13(a) of the Act, 7 U.S.C. § 13c(a) (2002), DeSantis is alleged to be liable as an aider and abettor for Defendants IIHC's and Valko's violations of Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2002), and Regulations 1.1(b)(1) and (3), 32.9(a), (b) and (c), and 32.11(a), 17 C.F.R. §§ 1.1(b)(1) and (3), 32.9(a), (b), and (c), and 32.11(a) (2006).

8. Where the facts alleged in the Commission's Complaint were contested by Defendants' assertion of their respective Fifth Amendment rights against self-incrimination, the Court has drawn adverse inferences without prejudice to such Fifth Amendment rights. This judgment is not, and should not be, construed as a waiver of Defendants' assertion of their Fifth Amendment rights, and it is not intended to be admissible in any other proceeding in state or federal court to prove or disprove the allegations in the Commission's Complaint, except in the course of any bankruptcy proceeding filed by, on behalf of, or against any of the Defendants, or any proceeding to enforce the terms of this Order, or any proceeding pursuant to Section 8a of the Act, 7 U.S.C. § 12a(1), and/or Part 3 of the Regulations, 17 C.F.R. §§ 3 *et seq*.

### III.
### ORDER FOR PERMANENT INJUNCTION

**IT IS HEREBY ORDERED** that:

9. DeSantis and Valko are permanently restrained, enjoined, and prohibited from, directly or indirectly, violating Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2002), and Regulations 1.1(b)(1) and (3), 32.9(a), (b) and (c), and 32.11(a), 17 C.F.R. §§ 1.1(b)(1) and (3),

32.9(a), (b), and (c), and 32.11(a) (2006).

10. DeSantis and Valko are permanently restrained, enjoined, and prohibited, directly or indirectly, from directly or indirectly engaging in any activity related to trading in any commodity, as that term is defined in Section 1a(4) of the Act, 7 U.S.C. § 1a(4) (2002) ("commodity interest"), including but not limited to, the following:

- Trading on or subject to the rules of any registered entity, as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29) (2002);

- Engaging in, controlling, or directing the trading of any commodity interest accounts for or on behalf of any other person or entity, whether by power of attorney or otherwise;

- Soliciting or accepting any funds from any person in connection with the purchase or sale of any commodity interest contract;

- Placing orders or giving advice or price quotations, or other information in connection with the purchase or sale of commodity interest contracts for himself and others;

- Applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. §4.14(a)(9) (2002), or acting as a principal, agent, officer or employee of any person registered, required to be registered, or exempted from registration, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2002); and

- Engaging in any business activities related to commodity interest trading.

11. The injunctive provisions of this Order shall be binding upon DeSantis and Valko and any person insofar as he or she is acting in the capacity of officer, agent, or servant of either DeSantis or Valko and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in active concert or participation with either DeSantis or Valko, as provided in Fed. R. Civ. P. 65(d).

# IV.
# RESTITUTION AND CIVIL MONETARY PENALTIES

**IT IS FURTHER ORDERED THAT:**

12. Defendants DeSantis and Valko shall comply fully with the following terms, conditions and obligations relating to the payment of restitution and the payment of a civil monetary penalty. The equitable relief provisions of this judgment shall be binding upon Defendants DeSantis and Valko and any person who is acting in the capacity of officer, agent, employee, or servant of Defendants DeSantis and Valko.

**A.    RESTITUTION**

13. DeSantis and Valko shall pay, jointly and severally, restitution for customer losses in the amount of $4,000,000, plus post-judgment interest.

14. Post-judgment interest on Defendants' restitution obligations shall accrue beginning on the date of entry of this judgment and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this judgment pursuant to 28 U.S.C. § 1961.

15. Payments to Receiver: To effect payment by Defendants and distribution of restitution the Court continues the appointment of the Gerald B. Wald, Esq. as Receiver (the "Receiver"). The Receiver shall collect restitution payments from Defendants and make distributions as set forth below.

16. Restitution payments under this judgment shall be made to the Receiver by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, made payable to the "Doreen Valko and Frank A. DeSantis, III Judgment

Fund." and sent to:

> Gerald B. Wald, Esq.
> Murai, Wald, Biondo, Moreno & Bochin, PA
> Two Alhambra Plaza, Penthouse 1B
> Coral Gables, FL 33134
> (305) 444-0101

Such payments shall be sent to the Receiver under a cover letter that identifies the paying defendant and the name and docket number of the proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to: (a) the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1152 21st Street, N.W., Washington, D.C. 20581; and (b) the Chief, Office of Cooperative Enforcement, Division of Enforcement, at the same address.

17. The Receiver shall oversee Defendants' restitution obligation. The Receiver shall have the discretion to determine the manner for distribution of funds and shall make such distributions as appropriate. Based upon the amount of funds available, the Receiver may defer distribution until such time as he deems appropriate.

18. In the event that the amount of restitution payments to the Receiver are of a *de minimis* nature such that the Receiver determines that the administrative costs of the making a restitution distribution is impractical, the Receiver may, in his discretion, treat such restitution payments as civil monetary penalty payments, which the Receiver shall forward to the Commission following the instructions for civil monetary penalty payments set forth in Part IV. B, below.

19. To the extent that any funds accrue to the U.S. Treasury as a result of either the Defendants' restitution obligation in this judgment, such funds shall be transferred to the Receiver for disbursement in accordance with the procedures set forth above.

B.     **CIVIL MONETARY PENALTIES**

20.     DeSantis shall pay to the Commission a civil monetary penalty ("CMP") in the amount of $4,000,000, plus post-judgment interest. Valko shall pay to the Commission a CMP in the amount of $360,000, plus post-judgment interest.

21. Post-judgment interest shall accrue beginning on the date of entry of this judgment and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this judgment pursuant to 28 U.S.C. § 1961.

22.     Defendants shall pay their respective CMPs by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made by other than electronic funds transfer, the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

>   Commodity Futures Trading Commission
>   Division of Enforcement
>   ATTN: Marie Bateman – AMZ-300
>   DOT/FAA/MMAC
>   6500 S. Macarthur Blvd.
>   Oklahoma City, OK 73169
>   Telephone: 405-954-6569

If the payment is to be made by electronic funds transfer, the paying Defendant shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions. The paying Defendant shall accompany their payment of the CMP with a cover letter that identifies them and the name and docket number of this proceeding and shall simultaneously transmit a copy of the cover letter and the form of payment to: Office of Cooperative Enforcement, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581.

V.

**MISCELLANEOUS PROVISIONS**

23. All pending motions between the Commission and the Defendants are denied as moot, and the asset freeze imposed against Defendants pursuant to the *ex parte* Statutory Restraining Order entered by the Court on January 4, 2006 is hereby lifted.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida on this 8th day of September, 2008.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

All Counsel of Record
Gerald B. Wald, Court Appointed Receiver